**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

AMY JOHNSON,                          )
                                      )
                   **Plaintiff,**     )
        v.                            )
                                      )        **2:05cv927**
NORTHLAND INSURANCE COMPANY,          )
                                      )
                   **Defendant.**     )


## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for consideration and disposition is NORTHLAND'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (*Document No. 5*).  The matter has been fully briefed. *See* Document Nos. 8-10.


### Background

The following facts are taken from Plaintiff's Complaint and are taken as true for the purpose of the instant Motion to Dismiss.  Plaintiff Amy Johnson ("Plaintiff") "suffered physical injuries while she was a passenger in a limousine insured by Defendant Northland Insurance Company ("Defendant") on or about June 2, 2001.  Complaint at ¶ 5.  Specifically, Plaintiff suffered from headaches, neck pain and right shoulder pain after the crash.  *Id*. at ¶ 8.  The headaches and neck pain temporarily resolved, and Plaintiff underwent right rotator cuff surgery on or about January 3, 2003.  *Id*.  Her symptoms never completely resolved, and on or about January 27, 2004, while working as a waitress, Plaintiff re-injured her neck.  *Id*. at ¶ 9.  The Complaint alleges that the re-injury to Plaintiff's neck was "due to shoulder instability caused by the motor vehicle wreck."  *Id*.  As stated more fully in the Complaint, Plaintiff underwent a variety of medical procedures in an effort to alleviate her symptoms.  Defendant has neither paid Plaintiff's medical bills nor provided compensation for lost wages on the contention that her symptoms are not related to the accident.  *See id.* at ¶¶ 12-27.

Plaintiff initially filed her Complaint in the Court of Common Pleas of Allegheny County.  The Complaint alleges violations of 75 Pa.C.S. § 1797 (Count I), bad faith pursuant to

42 Pa.C.S. § 8371 (Count II), breach of contract (Count III), unjust enrichment (Count IV), violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. (Count V), and breach of fiduciary duty (Count VI).  Defendant removed the action to federal court on the basis of diversity of citizenship jurisdiction.  In its Motion to Dismiss, Defendant seeks to dismiss some counts and allegations of Plaintiff's Complaint.

Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6) the Court accepts as true all well pleaded allegations of fact.  *Pennsylvania Nurses Ass'n. v. Pennsylvania State Educ. Ass'n.*, 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997).  In addition, the Court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant.  *General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296, 325 (3d Cir. 2001).  Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).

Discussion

1)    Count I - Alleged Violations of 75 Pa.C.S. § 1797[1]

Count I alleges that Defendant violated the provisions of 75 Pa.C.S. § 1797.  *See* Complaint at ¶ 29.  Section 1797(b) provides a procedure for an insurer to follow when it wishes to confirm that medical care provided to an insured "conform[s] to the professional standards of

---

[1]  A federal court sitting in diversity must apply the substantive law as decided by the state's highest court.  *Travelers Indem. Co. of Illinois v. DiBartolo*, 131 F.3d 343, 348 (3d Cir. 1997) (citation omitted).  When the Pennsylvania Supreme Court has not directly addressed the issue before the Court, the Court must predict how the Pennsylvania Supreme Court would resolve the issue.  *DiBartolo*, 131 F.3d at 348 (citation omitted).  Applicable decisions of the Superior Court are to be accorded significant weight.  *Id*.  Moreover, carefully considered *dicta* from the Pennsylvania Supreme Court may also inform the Court's prediction.  *Id*.

performance and [is] medically necessary." 75 Pa.C.S. § 1797(b)(1).[2]

The gravamen of Count I is that Defendant failed to follow the statutory procedures set forth in section 1797 in a variety of ways in its handling of Plaintiff's claim for first party medical benefits. Defendant contends, in essence, that most of the allegations of Count I should be dismissed because its failure to submit Plaintiff's medical bills to a peer review organization ("PRO") for review is, in and of itself, not actionable. The case law clearly reflects that a plaintiff can bring a cause of action under section 1797 to challenge an insurer's failure to pay first party medical benefits. *Gemini Physical Therapy and Rehab., Inc. v. State Farm*, 40 F.3d 63, 67 (3d Cir. 1994).

The Court finds and rules that Count I is sufficient as pled to state a claim under the liberal standard of notice pleading. It may well be, as Defendant contends, that it had no obligation to employ a PRO or otherwise "comply with the statutory requirements applicable to PRO reviews" under the circumstances of this case. Def's Brief at 6. However, in the Court's view discovery is necessary to determine the factual basis of Plaintiff's claim, and whether those facts give rise to violations of section 1797. Therefore, Defendant's Motion to Dismiss Count I will be denied without prejudice.

    2)    Count II - Bad Faith Pursuant to 42 Pa.C.S. § 8371

Count II alleges that Defendant violated 42 Pa.C.S. § 8371 in a variety of ways. Defendant contends that some of the allegations of Count II fail to state a claim and must be

---

[2] The subsection of the statute at issue provides as follows:
Insurers shall contract jointly or separately with any peer review organization [PRO] established for the purpose of evaluating treatment, health care services, products or accommodations provided to any injured person. Such evaluation shall be for the purpose of confirming that such treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary. An insurer's challenge must be made to a PRO within 90 days of the insurer's receipt of the provider's bill for treatment or services or may be made at any time for continuing treatment or services.
75 Pa.C.S. § 1707(b)(1).

3

dismissed.  The Court will address the various allegations *seriatim*.


      a.    <u>Bad Faith Based on Defendant's Handling of the First and Third Party Claims</u>

      Paragraph 34(d) of the Complaint alleges that Defendant acted in bad faith "in that the same claims representative handled both first party benefits and third party liability, creating an impermissible conflict of interest ..."  Complaint at ¶ 34(d).  Defendant contends, and the Court agrees, that "[t]here is no legal authority for the proposition that it is wrong, or that it constitutes bad faith, for the same insurance claim representative to handle both liability claims and medical/income loss claims arising from the same accident."  Def's Brief at 6.  The Court has reviewed the cases cited by Plaintiff in her Response and said cases simply do not support a cause of action for a "bad faith" conflict of interest based on the same claims representative's handling of both first party benefits and third party liability.  Moreover, Plaintiff's attempt to analogize this situation to a conflict of interest in the context of an attorney-client relationship is inapposite.  Finally, as explained *infra*, Plaintiff's attempt to assert the existence of a fiduciary relationship in the context of a claim for first party benefits is contrary to well-established Pennsylvania law.  Therefore, the allegation set forth in paragraph 34(d) of the Complaint will be dismissed.


      b.    <u>Bad Faith Based on Defendant's Alleged Illegal Practice of Medicine</u>

      Paragraph 34(i) alleges that Defendant acted in bad faith "in that the adjuster's letter of September 28, 2004, refusing payment for treatment related to headaches and neck problems which 'we believe to be unrelated to our accident' constituted Defendant's adjuster illegally engaging in the practice of medicine."  Complaint at ¶ 34(i).  Def's Brief at 9.  The Court has found "no authority for the proposition that an insurance claim representative, who denies a claim based on lack of causation or any other basis, is thereby engaging in the illegal practice of medicine which would support a claim for bad faith."  Def's Brief at 9.  Plaintiff has cited no case law to support this contention.  Therefore, the Court will dismiss the allegation set forth in Paragraph 34(i) of the Complaint.

c.      Claims of Bad Faith Regarding Medical Benefits

Defendant contends that 75 Pa.C.S. §§ 1716 and 1797 "provide exclusive remedies for claims relating to medical benefits," and "therefore, all bad faith claims concerning medical benefits should be dismissed."  Def's Brief at 9-10.  In *Gemini*, *supra*, the Third Circuit followed the reasoning of *Barnum v. State Farm Mut. Auto. Ins. Co.*, 635 A.2d 155, 158 (Pa. Super. Ct.1993), *rev'd in part on other grounds*, 652 A.2d 1319 (Pa. 1994) and held that section 1797 provides the exclusive remedy for bad faith denials by insurance companies with respect to claims for first party medical benefits which arise out of automobile accident injuries.  *Gemini*, 40 F.3d at 67.  The holding of the *Gemini* court is fairly limited.  Under *Gemini*, "a plaintiff may not seek punitive damages under § 8371 where he or she is complaining of the denial of first-party benefits *determined through the process outlined in § 1797*."  *Schwartz v. State Farm Ins. Co.*, 1996 WL 189839, *4 (E.D. Pa. April 18, 1996) (citations omitted; emphasis added). However, "[n]othing in *Barnum* or *Gemini* suggests that a bad faith insurance coverage claim under § 8371 is barred by § 1797 where the peer review process set out in § 1797, namely to determine the propriety of treatment and charges therefore, is not actually followed."  *Id*. at *4.

"Section 1716 ... is a general provision regarding payment of claims and includes a specific damage provision to sanction insurers acting in an unreasonable manner in failing to pay a claim."  *Id*. at *8.  Moreover, "[s]everal courts have held that § 1716 is not incompatible with § 8371."  *Id*.

Upon review of the relevant allegations of Count II, it appears that Plaintiff is not "complaining of the denial of first-party benefits determined through the process outlined in § 1797."  Instead, Count II appears to state a claim for bad faith "where the peer review process set out in § 1797 ... is not actually followed," and therefore Counts I and II are not redundant.  *Id*. at *4.  In any event, in the Court's view discovery is necessary to determine the factual basis of Count II, and whether those facts amount to violations of section 8731.  Therefore, Defendant's Motion to Dismiss Count II will be denied without prejudice as to bad faith regarding medical

5

benefits.[3]

      d.      <u>The Eighteen-Month Limitation Period Under the MVFRL</u>

      The Complaint alleges that Defendant acted in bad faith "in that Defendant's letter of March 22, 2004 attempted to limit first party medical and wage benefits to 18 months from the date of an accident, even though no such limitation is permitted pursuant to the MVFRL." Complaint at ¶ 34(h).  According to Defendant, "[s]ince the MVFRL specifically authorizes the eighteen month limitation, it is neither bad faith nor an unlawful practice to include it in the policy and invoke it where applicable."  Def's Brief at 11.  However, it appears that Defendant may overstate the meaning of the "18 month" provision of the relevant statute.  Title 75, Pennsylvania Consolidated Statutes, section 1712 provides, in pertinent part, as follows:

> An insurer ... shall make available for purchase first party benefits with respect to injury arising out of the maintenance or use of a motor vehicle as follows:
>> (1) Medical benefit ... coverage to provide for reasonable and necessary medical treatment and rehabilitative services ... **without limitation as to time, provided that, within 18 months from the date of the accident causing injury, it is ascertainable with reasonable medical probability that further expenses may be incurred as a result of the injury**.
>> ***
>> (2) Income loss benefit.--Includes the following:
>>> (i) Eighty percent of actual loss of gross income.
>>> (ii) Reasonable expenses actually incurred for hiring a substitute to perform self-employment services thereby mitigating loss of gross income or for hiring special help thereby enabling a person to work and mitigate loss of gross income.

75 Pa.C.S.A. § 1712.

      Although this statute is somewhat difficult to read and interpret, it does not establish an *absolute time bar* on future injury related expenses which an insurance company may be required to pay.  In other words, the statute provides that an insurer shall make available medical benefit

---

[3]  The Court is well aware that some of the alleged bad faith conduct may only be actionable, if at all, under Count I.  However, at this stage of the proceeding, at which the allegations of the Complaint must be viewed in the light most favorable to Plaintiff, there is no need to definitively establish the boundaries between a bad faith claim under section 8371 and a claim for denial of first party benefits under section 1797.  Thus, Defendant is free to re-assert its arguments regarding the scope of these statutes in an appropriate motion for summary judgment.

coverage "without limitation as to time," so long as "it is ascertainable with reasonable medical probability that further expenses *may be incurred as a result of the injury*" "within 18 months from the date" of the accident which caused the injury. *Id*. (emphasis added). Additionally, the statute makes no reference whatsoever to a limitations period or time bar in the context of wage benefits. As the Court interprets this statute, an insurer may not be liable for further medical benefits if, within 18 months after the date of the accident causing injury, it is not ascertainable with reasonable medical probability *that further expenses may be incurred as a result of the injury*. Therefore, it is possible that Defendant's alleged misrepresentation regarding an absolute time limit on the payment of medical and wage benefits is indicative of bad faith. Accordingly, the Court will decline to dismiss the allegation set forth at paragraph 34(h) of the Complaint.

        3)      Count IV - Unjust Enrichment

        Count IV of the Complaint alleges that "Defendant was unjustly enriched in that it retained possession of the money it owed to healthcare providers." Complaint at ¶ 42. Plaintiff concedes that Count IV should be dismissed because she did not pay a premium to Defendant. Response at 18. Therefore, Count IV will be dismissed.

        4)      Count V - Pennsylvania Unfair Trade Practices and Consumer Protection Act

        Defendant contends that Count V, which alleges various violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Act ("UTPCPA"), 73 P.S. § 201-1 *et seq*., fails to state a claim "because a failure to pay benefits is nonfeasance, not misfeasance." Def's Brief at 12. *See also Wood v. Allstate Ins. Co.*, 1996 WL 637832, *3 (E.D.Pa. November 04, 1996) ("To rise to the level of a UTPCPA violation, ... a plaintiff must show misfeasance by the insurer. Nonfeasance, such as the mere refusal of an insurer to pay benefits to which an insured felt entitled, is insufficient to raise a claim under the UTPCPA.") (citations, quotations and brackets omitted). However, the Court finds and rules that the Complaint does allege misfeasance by Defendant, and therefore states a cause of action under the UTPCPA. Some of the allegations set forth in Count V follow the language of the relevant sections of the UTPCPA, and therefore

7

adequately allege violations of the UTPCPA. The remaining allegations, *i.e.*, that Defendant 1) investigated Plaintiff's injuries "in an unfair and non-objective manner," 2) "made misrepresentations regarding the purported 18 month limitation on benefits," and 3) "performed its contractual obligations improperly," are also sufficient to allege misfeasance. Complaint at ¶ 46. Therefore, the Court declines to dismiss Count V.

     5)   <u>Count VI - Breach of Fiduciary Duty</u>

Count VI of the Complaint alleges that Defendant "owed [Plaintiff] a fiduciary duty to act in a reasonable manner in processing her claims for first party benefits." Complaint at ¶ 50. There is considerable case law to support Defendant's position that the allegation(s) of Count VI "is not a separate claim, but rather it is subsumed in the bad faith and breach of contract claims ..." Def's Brief at 13. *See Belmont Holdings Corp. v. Unicare Life & Health Ins. Co.*, 1999 WL 124389, *4 (E.D. Pa. Feb. 5, 1999) ("[T]o the extent the relief requested in Belmont's Complaint is based on Unicare's failure to act in good faith under the insurance contract, the court will dismiss the breach of fiduciary duty claim as redundant of Belmont's claim for breach of contract."); *Ingersoll-Rand Equip. Corp. v. Transportation Ins. Co.*, 963 F.Supp. 452, 453 (M.D. Pa. 1997) ("In Pennsylvania, there is no separate tort-law cause of action against an insurer for negligence and breach of fiduciary duty ...") (citation omitted); *Wood, supra*, 1996 WL 637832 at *2 ("In Pennsylvania, there is no common law tort action for breach of fiduciary duty. The 'bad faith' statute provides the sole remedy for punitive damages for insureds who allege bad faith or breach of fiduciary duty by an insurer.") (citations, quotations and ellipses omitted); *Greater New York Mut. Ins. Co. v. North River Ins. Co.*, 872 F.Supp. 1403 (E.D.Pa. 1995), *aff'd*, 85 F.3d 1088 (3d Cir. 1996) (same). Based upon the foregoing authorities, the Court finds and rules that Plaintiff's claim for breach of fiduciary duty is redundant of Plaintiff's bad faith and breach of contract claims.

Alternatively, Defendant contends that under Pennsylvania law it simply does not owe Plaintiff a fiduciary duty in the context of her claim for first party benefits. Def's Brief at 14. Defendant's alternative contention is also well supported by case law. *See Smith v. Berg*, 2000

WL 365949, *4 (E.D. Pa. April 10, 2000), *aff'd*, 247 F.3d 532 (3d Cir. 2001) ("under Pennsylvania law, insurers generally do not owe a fiduciary duty to their insureds.") (citations omitted); *Belmont Holdings*, *supra*, 1999 WL 124389 at *4 ("Pennsylvania courts and federal courts interpreting Pennsylvania law have found that insurers assume fiduciary relationships with their insureds *when an insurer asserts a stated right under a policy to handle all claims against its insured*.") (emphasis added; citations omitted); *Connecticut Indem. v. Markham*, 1993 WL 304056, at *5-6 (E.D. Pa. Aug. 6, 1993) (under Pennsylvania law, an insurer does not have a fiduciary duty to an insured, except in limited circumstances such as where the insurer asserts a right to defend claims against the insured).  In this case the Complaint does not allege that Defendant has asserted a policy right to handle any claim against Plaintiff, or any other exceptional circumstances that would create a fiduciary duty under Pennsylvania law.  Therefore, the Court finds and rules that the facts alleged by Plaintiff do not support a claim for breach of fiduciary duty.  Accordingly, Count VI will be dismissed.

Conclusion

For the reasons hereinabove stated, Northland's Motion to Dismiss Plaintiff's Complaint will be granted in part and denied in part.  An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     **2:05cv927** |
| NORTHLAND INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER OF COURT**

AND NOW, this 21st day of December, 2005, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED that Northland's Motion to Dismiss Plaintiff's Complaint (*Document No. 5*) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1) The Motion to Dismiss is **DENIED WITHOUT PREJUDICE** as to Count I;

2) The Motion to Dismiss is **GRANTED** as to paragraphs 34(d) and 34(i) of Count II, **DENIED** as to paragraph 34(h), and **DENIED WITHOUT PREJUDICE** as to the remaining arguments;

3) Without objection the Motion to Dismiss is **GRANTED** as to Count IV;

4) The Motion to Dismiss is **DENIED** as to Count V; and

5) The Motion to Dismiss is **GRANTED** as to Count VI.

It is further **ORDERED** that Defendant shall file an answer to the remaining Counts of Plaintiff's Complaint on or before **January 6, 2006**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Craig L. Fishman, Esquire
Email: clf@tarasilaw.com

Thomas P. McGinnis, Esquire
James K. Thomas, II, Esquire
Peter J. Speaker, Esquire
Email: tmcginnis@tthlaw.com